IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | CASE NO.   7:21-CV-015 |
| 0.023 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND UNKNOWN HEIRS OF MARIA C. VELA *et al.*, | | |
| *Defendants.* | | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Alyssa Iglesias, Assistant United States Attorney on behalf of the United States, conferred via telephone on March 12, 2021 and March 23, 2021 with Defendant Maria Vela, who confirmed that she and her husband, Roosevelt Vela, were in agreement with this case management plan.

   The United States has been unable to locate the "Unknown Heirs of Maria C. Vela" and, therefore, served "Unknown Heirs of Maria C. Vela," by publication in accordance with Fed. R. Civ. P. 71.1(d)(3)(B).[1] As of the filing of this Joint Discovery/Case Management Plan, no one has come forward claiming an interest in the subject property as an unknown heir of Maria C. Vela, therefore no other individual has participated in the drafting of this case management plan.[2]

   The United States received and filed a Disclaimer for Ameida Salinas, Starr County Tax Assessor & Collector.[3] Subsequently, on January 11, 2021, the Court dismissed Ameida Salinas, Starr County Tax Assessor & Collector.[4]

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None at this time.

3. **Briefly describe what this case is about.**

---

[1] Dkt. Nos. 14 and 17.
[2] Dkt. Nos. 8 and 14.
[3] Dkt. No. 5.
[4] Dkt. No. 7.

This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property, and for the determination and award of just compensation to the owners and parties in interest, in accordance with 40 U.S.C. 3113 and 3114, which Plaintiff contends authorizes the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 USC 1103(b) & note; and the Act of Congress approved February 15, 2019, as Public Law 116-6, div. A, tit. II, Section 230, 133 Stat. 13, which appropriated the funds that shall be used for the taking.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe any class-action issues.**

   None.

9. **State whether each party represents that is had made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   The United States will provide initial disclosures based on plans prior to the Executive Order issued by President Biden on January 20, 2021 ("Executive Order")[5] pursuant to Rule 26(a)(1)(A) prior to the Initial Pretrial and Scheduling Conference set for May 5, 2021.

---

[5] Pres. Proc. No. 10142, 86 Fed. Reg. 7225 (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-termination-of-emergency-with-respect-to-southern-border-of-united-states-and-redirection-of-funds-diverted-to-border-wall-construction/.

10. Describe the discovery plan proposed by the parties, including:

   A. What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?

   None.

   B. When and to whom the plaintiff anticipates it may send interrogatories?

   The United States does not believe discovery will be necessary in this case. The United States previously received signed offers to sell from Defendants, Roosevelt Vela and Maria Vela, indicating their agreement with the United States' acquisition of the subject property and the amount of just compensation. Defendant Maria Vela, advised that she and Roosevelt Vela are not disputing just compensation or possession of the condemned tract and that they seek only a ruling from this Court to disburse and close should plans for use of the property continue as stated in Schedule B of the Declaration of Taking. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Roosevelt Vela and Maria Vela are interested in revestment of title.

   In the event discovery is needed and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates sending interrogatories to the Property Owners after the entry of this Court's scheduling order.

   C. When and to whom the defendant anticipates it may send interrogatories?

   Defendants Roosevelt Vela and Maria Vela do not anticipate sending interrogatories to the United States.

   D. Of whom and by when the plaintiff anticipates taking oral depositions?

   The United States does not believe discovery will be necessary in this case. The United States previously received signed offers to sell from Defendants, Roosevelt Vela and Maria Vela, indicating their agreement with the United States' acquisition of the subject property and the amount of just compensation. Defendant Maria Vela, advised that she and Roosevelt Vela are not disputing just compensation or possession of the condemned tract and that they seek only a ruling from this Court to disburse and close should plans for use of the property continue as stated in Schedule B of the Declaration of Taking. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Roosevelt Vela and Maria Vela are interested in revestment of title.

   In the event discovery is needed and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates taking oral depositions of the Property Owners' fact witnesses and other relevant witnesses prior to the end of the discovery period, assuming no delays in written discovery and subpoenas, if any.

   E. Of whom and by when the defendant anticipates taking oral depositions?

   Defendants Roosevelt Vela and Maria Vela do not anticipate taking oral depositions in this action.

F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

The United States does not believe discovery will be necessary in this case. The United States previously received signed offers to sell from Defendants, Roosevelt Vela and Maria Vela, indicating their agreement with the United States' acquisition of the subject property and the amount of just compensation. Defendant Maria Vela, advised that she and Roosevelt Vela are not disputing just compensation or possession of the condemned tract and that they seek only a ruling from this Court to disburse and close should plans for use of the property continue as stated in Schedule B of the Declaration of Taking. Therefore, the United States does not believe experts will be needed. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Roosevelt Vela and Maria Vela are interested in revestment of title.

In the event discovery is needed, it is the United States' position that the Defendants have the burden of proof regarding the issue of just compensation in this action. Subject to guidance from the Administration as to this condemnation to construct a wall/bollard fence, the United States anticipates being in a position to designate responsive experts within 180 days of the scheduling order in this case. The United States would request a second deadline to allow for rebuttal experts if the United States is ordered to designate experts on the same date as defendants.

G.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The Defendants have the burden of proof regarding the issue of just compensation in this action. Defendants Roosevelt Vela and Maria Vela do not anticipate taking expert depositions in this action.

H.  **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Defendants Roosevelt Vela and Maria Vela have expressed that should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, they will not be contesting the just compensation as deposited with the Court in this case and have expressed they will not be designating experts. Therefore, United States does not anticipate deposing experts. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Roosevelt Vela and Maria Vela are interested in revestment of title.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

After consultation and conference with Defendants, through Maria Vela, the United States understands discovery will not be necessary in this case. In the event discovery is needed

and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, it will likely be done by the United States and not Defendants. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Roosevelt Vela and Maria Vela are interested in revestment of title. Defendants Roosevelt Vela and Maria Vela are in agreement on the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    The United States and Defendants Roosevelt Vela and Maria Vela have been in communication since June 2020. The United States received signed offers to sell from Defendants, Roosevelt Vela and Maria Vela on June 30, 2020, indicating their agreement with the United States' acquisition of the subject property and the amount of just compensation.

    On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. No discovery has taken place to date. The United States is awaiting guidance on whether it will be allowed to proceed with this case. Defendant Maria Vela, advised that she and Roosevelt Vela are not disputing just compensation or possession of the condemned tract and that they seek only a ruling from this Court to disburse and close should plans for use of the property continue as stated in Schedule B of the Declaration of Taking. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Roosevelt Vela and Maria Vela are interested in revestment of title.

13. **State the date the planned discovery can reasonably be completed.**

    The parties anticipate that no discovery will be needed. In the event discovery is needed and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the parties agree that it can be reasonably completed within 9 months after the entry of the Court's scheduling order.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The United States received signed offers to sell from Defendants Roosevelt Vela and Maria Vela indicating their agreement with the United States' acquisition of the subject property and the amount of just compensation. Unfortunately, the United States was not able to confirm or locate the "Unknown Heirs of Maria C. Vela," which is the reason for the filing of this action.

    On February 26, 2021, the United States served "Unknown Heirs of Maria C. Vela" by publication in accordance with Fed. R. Civ. P. 71.1(d)(3)(B).[6] As of the filing of this motion, no one has come forward claiming an interest in the subject property.

    Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking and should the "Unknown Heirs of Maria C. Vela" fail to come forward, the United States and Defendants, Roosevelt Vela and Maria Vela, anticipate filing a Joint Stipulation requesting the Court rule on allocation and find that just compensation has

---

[6] Dkt. Nos. 8 and 14.

been agreed to. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Roosevelt Vela and Maria Vela are interested in revestment of title, in which case the parties would request from the Court a ruling on title to proceed with revestment.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    From June 24, 2020 to January 11, 2021, United States Army Corps of Engineers (USACE) and Department of Justice (DOJ) were in contact with Defendants Roosevelt Vela and Maria Vela regarding the subject condemnation.

    The United States received signed offers to sell from Defendants Roosevelt Vela and Maria Vela indicating their agreement with the United States' acquisition of the subject property and the amount of just compensation. Unfortunately, the United States was not able to locate "Unknown Heirs of Maria C. Vela" in order to resolve title issues, which is the reason for the filing of this action.

    On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States continues to await guidance on whether it will be allowed to proceed with his case. Defendant Maria Vela has advised that she and Defendant Roosevelt Vela are not disputing just compensation or possession of the condemned tract to the United States and that they seek only a ruling from this Court to disburse and close should plans for use of the property continue as stated in Schedule B of the Declaration of Taking. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Roosevelt Vela and Maria Vela are interested in revestment of title.

    On February 26, 2021, the United States served the "Unknown Heirs of Maria C. Vela" by publication in accordance with Fed. R. Civ. P. 71.1(d)(3)(B).[7] As of the filing of this motion, no one has come forward claiming an interest in the subject property.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    The United States and Defendants Roosevelt Vela and Maria Vela do not anticipate dispute resolution will be needed.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The United States does not agree to this case being tried before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Parties have not made a demand for jury trial.

---

[7] Dkt. Nos. 8 and 14.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Defendant Maria Vela, advised that she and Roosevelt Vela are not disputing just compensation or possession of the condemned tract to the United States and that they seek only a ruling from this Court to disburse and close should plans for use of the property continue as stated in Schedule B of the Declaration of Taking. Moreover, in the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Roosevelt Vela and Maria Vela are interested in revestment of title.

    However, in the event that trial is warranted, the United States anticipates that it will take no more than 8 hours to try this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    The subject property presents title issues that will need to be resolved prior to settlement between parties. Namely, the Court will need to determine what interest, if any, is to be allocated to the "Unknown Heirs of Maria C. Vela" in the subject tract.

    The United States notes that the uses of the property as stated in Schedule B may change depending on the awaited guidance from the Administration. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Roosevelt Vela and Maria Vela are interested in revestment of title.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

COUNSEL FOR PLAINTIFF:

**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney
Southern District of Texas No.3399716
Puerto Rico Bar No. 15494
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8004
Facsimile: (956) 618-8016
E-mail: Hilda.Garcia.Concepcion@usdoj.gov
Attorney-in-Charge

**ALYSSA IGLESIAS**
Assistant United States Attorney

Southern District of Texas No.: 3610302
Florida Bar No.: 103383
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9351
Facsimile: (956) 992-9425
E-mail: Alyssa.Iglesias@usdoj.gov

*PRO SE* DEFENDANTS:

1. Roosevelt Vela
   Rio Grande City, TX

2. Maria Vela
   Rio Grande City, TX

3. Unknown Heirs of Maria C. Vela

        Respectfully submitted,

        **JENNIFER B. LOWERY**
        Acting United States Attorney
        Southern District of Texas

By:    **s/ *Hilda M. Garcia Concepcion***
        **HILDA M. GARCIA CONCEPCION**
        Assistant United States Attorney
        Southern District of Texas No.3399716
        Puerto Rico Bar No. 15494
        1701 W. Bus. Highway 83, Suite 600
        McAllen, TX 78501
        Telephone: (956) 618-8004
        Facsimile: (956) 618-8016
        E-mail: Hilda.Garcia.Concepcion@usdoj.gov

and

        **ALYSSA IGLESIAS**
        Assistant United States Attorney
        Southern District of Texas No.: 3610302
        Florida Bar No.: 103383
        1701 W. Bus. Highway 83, Suite 600
        McAllen, TX 78501
        Telephone: (956) 992-9351
        Facsimile: (956) 992-9425
        E-mail: Alyssa.Iglesias@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on April 23-27, 2021, a copy of the foregoing document was electronically filed on the CM/ECF system, and sent via regular mail to all parties.

                    By:    *s/ Hilda M. Garcia Concepcion*
                            **HILDA M. GARCIA CONCEPCION**
                            Assistant United States Attorney